McGREGOR W. SCOTT
United States Attorney
JOSEPH E. MALONEY, SBN 95458
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2750

Attorneys for the Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MURPHY C. GANT,                    )   No. 2:05-CV-00920 WBS DAD
                                   )
              Plaintiff,           )
                                   )
         v.                        )   STIPULATION OF SETTLEMENT;
                                   )   WAIVER; DISMISSAL
JOHN E. POTTER, Postmaster         )
General,                           )
                                   )
              Defendant.           )
_____)


     1.     Plaintiff MURPHY C. GANT (hereinafter "plaintiff")

filed this action against the Postmaster General (hereinafter

"defendant"), citing 42 U.S.C. § 12101 et seq., the Americans

with Disabilities Act (while defendant noted his view that the

ADA is inapplicable to the federal employer and that any claim of

handicap discrimination should be brought pursuant to the

Rehabilitation Act of 1973 (29 U.S.C. § 794)) alleging

discrimination in failure to hire on account of a handicap, as

more fully described in the Complaint filed on or about May 5,

2005.

///

1

2.     Defendant agrees to pay Plaintiff  $2,500.00 (two thousand five hundred dollars).  No employer or employee contributions to any benefit or retirement program shall be made by the parties.  The payment set forth above is the entire monetary amount due to plaintiff from defendant.  There shall be no withholding from this amount, although it is understood between the parties that this payment may be subject to taxation and will be reported to the Internal Revenue Service.  Plaintiff will be solely responsible for any penalties assessed against him and will indemnify and hold harmless defendant for any penalties assessed against defendant as a result of defendant's tax treatment of the settlement payment, whatever that might be. This amount includes attorney's fees, expert witness fees, and all other costs or expenses, which amounts will be paid out of the sum stated and not in addition to it.

3.   This Settlement Agreement shall not constitute an admission of liability, fault or discrimination on the part of defendant, the United States, its agencies, agents, or employees and former employees, and is entered into by both parties only for the purpose of compromising disputed claims and avoiding the expenses and risks of continued litigation.

4.     This settlement is in full settlement and satisfaction of any and all existing and future claims of any kind whatsoever, known or unknown, which plaintiff or his children, estate, heirs, successors or assigns may now have or hereafter acquire against the defendant, the United States of America, its agencies, agents, employees and former employees, individually and/or in
///

1  their official capacities, as a result of any matter contained

2  within the Complaint on file in this action.

3      Plaintiff and his children, estate, heirs, successors or

4  assigns further agree to reimburse, indemnify, defend and hold

5  harmless the defendant, the United States, its agencies, agents,

6  and employees and former employees, individually and/or in their

7  official capacities, from any and all such claims incident to or

8  resulting from further litigation or the prosecution by plaintiff

9  or his children, estate, heirs, successors or assigns against any

10 third party, or against the defendant, the United States, its

11 agencies, agents, and employees and former employees,

12 individually and/or in their official capacities.

13     5.      In consideration for payment of the amount specified in

14 paragraph 2 above, plaintiff agrees, represents and warrants that

15 this is a full and final release applying to all known, unknown

16 and unanticipated injuries, disabilities, damages or claims of

17 any kind arising in any manner out of the allegations contained

18 in the Complaint on file in this action.  Plaintiff understands

19 that he may have suffered damages or have claims that are unknown

20 to him at present.  Plaintiff acknowledges that the sum paid in

21 consideration of this settlement is intended to and does release

22 and discharge any claims in regard to such unknown or future

23 damages and claims of any kind arising out of the allegations

24 contained in the Complaint, and he does hereby waive to the

25 fullest extent permissible under law any and all rights under

26 Section 1542 of the California Civil Code, which reads as

27 follows:

28 ///

A general release does not extend to claims which the
creditor does not know or suspect to exist in his favor
at the time of executing the release, which if known by
him must have materially affected his settlement with
the debtor.

In connection with such waiver and relinquishment, plaintiff
acknowledges that he is aware that he may hereafter discover
claims and damages presently unknown or unsuspected, or facts in
addition to or different from those which he now knows or
believes to be true, with respect to the matters released herein.
Nevertheless, it is the intention of plaintiff through this
release, and with the advice of counsel, fully, finally and
forever to settle and release all such matters and claims
relative thereto to the extent those claims arising out of the
allegations contained in the Complaint on file in this action.

6.     Plaintiff represents and warrants that, other than
claims and liens for attorney's fees, he is the sole and lawful
owner of all rights, title and interests in and to every claim
and other matter which he purports to release herein, and that he
has not heretofore assigned or transferred, or purported or
attempted to assign or transfer to any person or entity any
claims or other matters herein released.  Plaintiff shall
indemnify the United States of America and its agencies, agents,
employees and former employees, named and unnamed, against, and
defend and hold harmless from, any claims arising out of or
relating to any such assignment or transfer of any claims or
other matters released herein.
///

4

1    7.    Payment of the settlement amount will be made by a

2    check drawn on the United States Post Office.  The check shall be

3    made payable to "LAW OFFICES OF LEO DONAHUE AND MURPHY C. GANT"

4    for the amount stated in paragraph 2.  The check will be

5    requested by and received by the United States Attorney's Office,

6    and mailed to plaintiff's attorney at the following address: Leo

7    F. Donahue, Inc., 11344 Coloma Road, Suite 160, Gold River,

8    California, 95670.  The check will be mailed within a reasonable

9    time after filing of the Order resulting from this agreement.

10   8.    This Settlement Agreement contains the entire agreement

11   between the parties hereto, and plaintiff acknowledges and agrees

12   that no promise or representation not contained in this

13   Settlement Agreement has been made to him, and he acknowledges

14   and represents that this Settlement Agreement contains the entire

15   understanding between the parties, and contains all terms and

16   conditions pertaining to the compromise and settlement of the

17   disputes referenced herein.  This Settlement Agreement is

18   executed without reliance upon any representation by defendant as

19   to tax consequences, and plaintiff is responsible for the payment

20   of all taxes that may be associated with the settlement payment.

21   9.    The terms of this Settlement Agreement are binding on

22   the parties, but do not give rise to any separate cause of

23   action.  In the event of a dispute between the parties regarding

24   a matter that arises under this Settlement Agreement, the sole

25   remedies of the parties shall be to seek relief through an order

26   from this Court.  The parties hereby stipulate that this Court

27   shall maintain jurisdiction to enforce and interpret the terms of

28   this Settlement Agreement.

10.     This Settlement Agreement and the provisions contained herein shall not be construed or interpreted for or against any party hereto because that party drafted or caused that party's legal representative to draft any of its provisions.

11.     Plaintiff acknowledges that he has read this Settlement Agreement, that he fully understands his rights, privileges and duties hereunder, and that he enters into this Settlement Agreement freely and voluntarily.  Plaintiff further acknowledges that he has had sufficient opportunity to consult with his counsel to explain the terms of this Settlement Agreement and the consequences of signing it.

12.     Plaintiff agrees that, in consideration of defendant's agreement to take the steps set forth in paragraph 2, his action may be and hereby is dismissed with prejudice.

Dated:     October   , 2005     McGREGOR W. SCOTT
                                UNITED STATES ATTORNEY


                                JOSEPH E. MALONEY
                                ASSISTANT UNITED STATES ATTORNEY


Dated:     October   , 2005
                                LEO F. DONAHUE
                                ATTORNEY FOR PLAINTIFF


Dated:     October   , 2005
                                MURPHY C. GANT
                                PLAINTIFF

6

1                        IT IS SO ORDERED.

2

3    Dated:   October 18, 2005

4

5                        _____
                         WILLIAM B. SHUBB
6                        UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28